IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DORIS J. EMORY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 26-1136 |
| | ) | |
| WALMART INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>COMPLAINT</u>**
**Trial By Jury Demanded As To All Issues**

NOW COMES plaintiff Doris J. Emory, by her undersigned counsel, and for her cause of action against defendant, Walmart Inc. states:

1. Plaintiff Doris J. Emory is a citizen of the State of Missouri. Defendant Walmart Inc. is a Delaware corporation with its principal place of business in the State of Arkansas. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Diversity jurisdiction therefore exists within the meaning of 28 U.S.C. § 1332.

2. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions on which the claim is based took place in Granite City, Illinois within this District.

3. At all times mentioned herein, defendant, Walmart Inc. ("Walmart"), owned and operated a retail store, hereinafter "the store," #1761, at 379 W. Pontoon Rd., Granite City, Illinois.

4. At all times mentioned herein, defendant Walmart positioned numerous cameras throughout the foyer of the store to monitor customer and employee activity.

5. On or about September 8, 2024, plaintiff, Doris J. Emory ("Emory"), entered the store foyer area. When she entered into the foyer area, she went to retrieve a cart from the foyer cart corral.

6. At that time and place, a Walmart employee who had collected carts from the parking lot attempted to add those collected carts to the foyer cart corral from the opposite end.

7. The impact from the adding of the collected carts knocked plaintiff back and down.

8. At that time and place, defendant Walmart, acting through its agents, servants and employees had a duty to act with ordinary care when collecting and returning carts and avoid knocking the carts into the direction of its customers.

9. At that time and place, defendant Walmart, acting through its agents, servants and employees, was negligent in one or more of the following respects:

a. failed to warn the plaintiff that carts were being added to the foyer cart corral when, in the exercise of ordinary care, it should have known, that plaintiff and other customers would be at the other end of the foyer cart corral;

b. failed to ensure that the foyer cart area was free of customers prior to adding carts to the foyer cart corral;

c. failed to barricade the area of the foyer cart corral or otherwise prevent customers such as the plaintiff from securing a cart from the foyer cart corral when it was adding carts to the other end of the foyer cart corral;

d. failed to observe the plaintiff in the foyer cart corral area in time to take appropriate precautions when defendant, under all of the circumstances, should have seen the plaintiff in time to take appropriate precautions;

e. failed to provide protective equipment to prevent carts from being jolted or knocked around when adding carts to the foyer cart corral.

f. failed to use appropriate cart collection equipment when adding carts to the foyer cart corral.

g. Added too many carts at one time to the foyer cart corral.

10. As a direct and proximate result of one or more of the defendant's aforesaid negligent acts or omissions, plaintiff:

a. sustained serious personal injuries, including neck, left ankle, left foot, both hips, low back, and extremities requiring ongoing care and treatment.

b. incurred medical bills to date and will continue to incur medical, surgical, therapy, diagnostic and mileage expenses for treatment of the aforesaid injuries;

c. sustained disability in the past, which is reasonably likely to continue into the future;

d. sustained disfigurement in the past, which is reasonably likely to continue into the future;

e. incurred pain and suffering and loss of a normal life in the past, which is reasonably likely to continue into the future.

WHEREFORE, plaintiff, Doris J. Emory, respectfully prays for judgment against defendant, Walmart Inc., for an amount of compensatory damages in excess of $75,000.00, exclusive of interest and costs, for her costs, for prejudgment interest, for interest on any judgment, and for any other relief allowed by law.

Respectfully submitted,

DRIPPS & BLOTEVOGEL, LLC

By: */s/ Michael T. Blotevogel*

Michael T. Blotevogel #6282543
51 Executive Plaza Court
Maryville, IL 62062
Phone: 618/208-0320
Fax: 800/927-1529
E-mail: mikeb@adwblaw.com

MATTEA HERMANSON LAW, LLC
Justin B. Mattea #6277984
2812 N. Center St.
P.O Box 369
Maryville, IL 62062
Ph. (618) 223-8200
Fax (618) 223-8355
justin@mh-injury.com
***ATTORNEYS FOR PLAINTIFF***